IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARGUERITE CARRUBBA                                    PLAINTIFF

VERSUS                              CAUSE NO.1:07cv1238LG-JMR

HARRISON COUNTY, MISSISSIPPI,
BY AND THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE,
in his official and individual capacity;
DIRECTOR OF OPERATIONS MAJOR WAYNE PAYNE,
in his official and individual capacity;
DIRECTOR OF CORRECTIONS MAJOR DIANE GASTON RILEY,
in her official and individual capacity; DIRECTOR
OF PROFESSIONAL STANDARDS UNIT CAPTAIN
STEVE CAMPBELL, in his official and individual
capacity; SUPERVISOR OF BOOKING CAPTAIN
RICK GASTON, in his official and individual
capacity; CORRECTIONS OFFICER SERGEANT RYAN TEEL,
in his official and individual capacity; CORRECTIONS
OFFICERS KARLE STOLZE, in his official and individual
capacity; CORRECTIONS OFFICER WILLIAM PRIEST,
in his official and individual capacity;
AMERICAN CORRECTIONAL ASSOCIATION and its
EXECUTIVE DIRECTOR JAMES A. GONDLES, JR.;
and employee(s) JOHN AND/OR JANE DOE 1-3;
HEALTH ASSURANCE LLC
and its employee J.L. White                     DEFENDANTS

<u>ANSWER OF HARRISON COUNTY TO COMPLAINT</u>

COMES NOW Harrison County, Mississippi, through its duly

constituted and elected Board of Supervisors (hereafter "Harrison

County") through its attorney of record, and files this its

separate Answer to the Complaint presented against it, and shows

the following:

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which this Court can grant relief.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant Harrison County, acting through its Board of Supervisors, is exempt as a governmental entity and its employees pursuant to <u>Miss. Code Annotated</u> §11-46-9, et. seq., specifically sections 1(b), (c), (d), (e), (f), (g), (m), (r), and (v).

<u>THIRD AFFIRMATIVE DEFENSE</u>

Harrison County claims sovereign immunity from any damages by Plaintiff, as made and provided in <u>Miss. Code Annotated</u> §11-46-1, et. seq.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff failed to give notice of her claim pursuant to <u>Miss. Code Annotated</u> §11-46-11, et. seq.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint is subject to the exclusive remedy provisions of §11-46-7 of the 1972 <u>Miss. Code Annotated</u>. (Supp. 1996).

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint is barred pursuant to the statute of limitations set forth in §11-46-11 of the 1972 <u>Miss. Code Annotated</u> (Supp. 1996), and any other pertinent statutes of limitation.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

This Court lacks personal jurisdiction over these Defendants and subject jurisdiction of this matter.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by these Defendants.  The Defendants neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

<u>NINTH AFFIRMATIVE DEFENSE</u>

All claims are barred by the applicable state and federal statute of limitations.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Harrison County would show that any damages of the Plaintiff, the existence thereof of which are denied, were the result of inactions or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of this Complaint.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiff sues for personal injuries, Defendant raises the defense Plaintiff suffered from a pre-existing condition or conditions.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Pursuant to 42 U.S.C. §1983, and the Mississippi State Tort Claims Act, Plaintiff cannot recover exemplary or punitive damages, attorney's fees, or pre-judgment interest.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

There can be no liability against Harrison County under the doctrine of respondeat superior pursuant to 42 U.S.C. §1983.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Defendant raises the defenses of contributory or comparative negligence, lack of privity of contract, or any duty owed to Plaintiff by Harrison County.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Without waiving any defenses set forth above, Harrison County answers the Complaint as follows:

**<u>PRELIMINARY STATEMENT OF CLAIM</u>**

1.    Harrison County admits this Court has jurisdiction of this case and that is brought pursuant to 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 AND 42 USC § 1988.  The remaining allegations of Paragraph Number 1 are denied.

2.    Denied.

3.   Denied.

4.   Denied.

5.   Denied.

6.   Denied.

7.   Denied.

8.   Denied.

9.   Denied.

### JURISDICTION OF THE COURT

10.   Harrison County admits this Court has jurisdiction to hear these claims.   The remaining allegations of Paragraph 10 are denied.

### VENUE

11.   Admitted.

### PARTIES TO THE LAWSUIT

### PLAINTIFF

12.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

### DEFENDANTS

13.   Harrison County admits it acts through its Board of Supervisors and is a political subdivision of the State of Mississippi.   The remaining allegations of Paragraph 13 are denied.

14.   Harrison County admits George Payne was the duly elected

Sheriff of Harrison County, Mississippi and an adult resident citizen of Harrison County, Mississippi. Harrison County admits that Sheriff Payne was vested with the final decision making authority and responsibility to hire, train, supervise, set policies and determine procedures, enforce policies and procedures, delegate authority and generally oversee and supervise the daily operations of the Harrison County Sheriff's Department and all of its divisions, departments and personnel, including the Harrison County Adult Detention Center (HCADC). The remaining allegations of Paragraph 14 are denied.

15. Harrison County admits that Wayne Payne, was the appointed Chief Deputy for the Sheriff of Harrison County, Mississippi, and that he holds the rank of Major, and is an adult resident citizen of Harrison County, Mississippi. The remaining allegations of Paragraph 15 are denied.

16. Harrison County admits that Diane Gaston Riley was the warden of the Harrison County Sheriff's Department and held the rank of Major. The remaining allegations of Paragraph 16 are denied.

17. Harrison County admits Steve Campbell was the Director of the "Professional Standards" Department at the HCADC. The remaining allegations of Paragraph 17 are denied.

18. Harrison County admits that Rick Gaston was the appointed Supervisor of the Booking Department for the Sheriff of Harrison

County, Mississippi and held the rank of Captain, and is an adult resident citizen of the State of Mississippi.  The remaining allegations of Paragraph 18 are denied.

19.  Harrison County admits Ryan Teel was a Shift Supervisor of the Booking Department at the HCADC.  The remaining allegations of Paragraph 19 are denied.

20.  Harrison County admits that Karl Stolze was a Corrections Officer with the HCADC.  The remaining allegations of Paragraph 20 are denied.

21.  Harrison County admits William Priest was a Corrections Officer with the HCADC.  The remaining allegations of Paragraph 21 are denied.

22.  Harrison County admits that on June 17, 2006, American Correctional Association was a National Private Non-Profit 501 (c)(3) Organization formed under the laws of the State of New York, with its main office located at 206 North Washington Street, Suite 200, Alexandria, VA 22314.  The remaining allegations of Paragraph 22 are denied.

23.  Denied.

24.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies the same.

25.  Admitted.

26.  Denied.

## STATEMENT OF THE CASE

### VIOLATION OF CONSTITUTIONAL PROTECTIONS AFFORDED PRE-TRIAL DETAINEE MARGUERITE CARRUBBA RESULTING IN SERIOUS INJURY BY CORRECTIONS OFFICERS AND MEDICAL STAFF ACTING UNDER COLOR OF STATE LAW

27.    Harrison County admits this is Federal Civil Lawsuit brought under 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 AND 42 USC § 1988.  The remaining allegations to Paragraph 27 are denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

### DELIBERATE INDIFFERENCE TO CARRUBA'S MEDICAL NEEDS

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

### CONSPIRACY BETWEEN HARRISON COUNTY OFFICIALS AND ACA TO OBTAIN FRAUDULENT ACA ACCREDITATION

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

8

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Denied.

50.  Denied.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

59.  Denied.

60.  Denied.

61.  Denied.

62.  Denied.

## INTENTIONAL USE OF INJURIOUS EXCESSIVE FORCE

63.  Denied.

64.  Each and every allegation in Paragraph 64, including Sub-Paragraphs A through F, are denied.

65.  Denied.

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS FOR SUBSTANTIAL INJURIES SUSTAINED BY CARRUBBA FROM ASSAULT IN BOOKING

66.  Denied.

67.  Denied.

68.  Denied.

69.  Denied.

70.  Each and every allegation in Paragraph 70, including sub-paragraphs 1, 2, and 3 are denied.

## CONSPIRACY TO COVER UP BEATING(S) BY CORRECTIONAL OFFICERS

71.  Denied.

72.  Denied.

73.  Denied.

74.  Denied.

75.  Denied.

76.  Denied.

77.  Denied.

78.  Denied.

79.  Denied.

80.  Denied.

81.  Denied.

82.  Denied.

83.  Denied.

84.  Denied.

85.  Denied.

86.  Denied.

87.  Denied.

88.  Denied.

### KNOWLEDGE OF HABIT, PATTERN, CUSTOM OR POLICY

89.  Denied.

### EVIDENCE AND DOCUMENTATION OF OFFICIAL RECORD

90.  Denied.

91.  Denied.

## PERSISTENT AND WIDESPREAD PRACTICES OF INJURIOUS ABUSE AND USE OF EXCESSIVE FORCE ON PRE-TRIAL DETAINEES THAT "SHOCK THE CONSCIENCE"

### WELCOME TO THE HOUSE OF PAYNE

92.  Denied.

93.  Denied.

94.  Denied.

95.  Denied.

### "THUMPING" ARRIVING ARRESTEES

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100.  Denied.

101.  Denied.

**ARRIVING ARRESTEES WHO WERE CONSIDERED VERBALLY AGGRESSIVE WERE RESPONDED TO WITH EXCESSIVE AND UNJUSTIFIED USE OF UNNECESSARY FORCE**

102.  Denied.

103.  Denied.

104.  Denied.

105.  Denied.

106.  Denied.

**THEME NIGHTS IN BOOKING**

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

111.  Denied.

112.  Denied.

**THE FLOOR SHOWS**

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

117.  Denied.

118.  Denied.

**THE SLEEPER GAME**

119.  Denied.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

## THE NO HABLOES

124.  Denied.

125.  Denied.

126.  Denied.

127.  Denied.

128.  Denied.

129.  Denied.

## THE SHOWER

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  Denied.

135.  Denied.

136.  Denied.

137.  Denied.

138.  Denied.

139.  Denied.

## SPRAY THE BITCH

140.  Denied.

141.  Denied.

142.  Denied.

143.  Denied.

## USE YOUR WHOLE BODY TO MAKE ME FEEL GOOD

144.  Denied.

145.  Denied.

146.  Denied.

147.  Denied.

148.  Denied.

## YARD CALLS

149.  Denied.

150.  Denied.

151.  Denied.

152.  Denied.

## FAILURE TO PROPERLY TRAIN AND SUPERVISE

153.  Denied.

154.  Denied.

155.  Denied.

156.  Denied.

157.  Denied.

158.  Denied.

159.  Denied.

160.  Denied.

161.  Denied.

162.  Denied.

163.  Denied.

## SPECIFIC STATE OF THE FACTS

### ARREST AND DETENTION OF CARRUBBA

164.  Harrison County is without knowledge or information of the allegations contained in Paragraph 164, and therefore denies same.

165.  Denied.

### CARRUBBA ASSAULTED

166.  Denied.

167.  Denied.

168.  Denied.

169.  Denied.

170.  Denied.

171.  Denied.

172.  Denied.

173.  Denied.

174.  Denied.

175.  Denied.

176.  Denied.

177.  Denied.

178.  Denied.

**CARRUBBA DENIED MUCH NEEDED MEDICAL ASSISTANCE**

179.    Denied.

180.    Denied.

181.    Denied.

182.  Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

189.    Denied.

**ADDITIONAL ABUSE OF CARRUBBA**

**DENIAL OF ESSENTIAL ITEMS**

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

16

## ADDITIONAL ABUSE OF CARRUBBA

### DENIAL OF FOOD AND WATER

200.  Denied.

201.  Denied.

202.  Denied.

203.  Denied.

204.  Denied.

205.  Denied.

206.  Denied.

## ADDITIONAL ABUSE OF CARRUBBA

### DENIAL OF HER DETENTION

207.  Denied.

208.    Each  and  every  allegation  in  Paragraph  208  Sub-Paragraphs A through F, denied.

209.  Denied.

210.  Denied.

211.  Denied.

212.  Denied.

213.  Denied.

## ADDITIONAL ABUSE OF CARRUBBA

### DENIAL OF USE OF A TELEPHONE

214.  Denied.

215.  Denied.

216.  Denied.

217.  Denied.

218.  Denied.

219.  Denied.

220.  Denied.

221.  Denied.

222.  Denied.

223.  Denied.

224.  Denied.

### DECEPTIVE STATEMENTS AND CONSPIRACY TO COVER-UP

225.  Denied.

226.  Denied.

227.  Denied.

228.  Denied.

229.  Denied.

230.  Denied.

231.  Denied.

232.  Denied.

233.  Denied.

234.  Denied.

235.  Denied.

236.  Denied.

237.  Denied.

238.  Denied.

239.  Denied.

240.  Denied.

**CARRUBBA'S PERMANENT INJURIES AND DAMAGES**

241.  Denied.

242.  Denied.

243.  Denied.

244.  Denied.

245.  Each and every allegation in Paragraph 245, Sub-Paragraphs (1) through (10) are denied.

246.  Denied.

247.  Denied.

248.  Harrison County denies each and every allegation in the "Conclusion" clause of the Complaint.

249.  Harrison County denies each and every allegation in the general "WHEREFORE PREMISES" clause of the Complaint, including sub-paragraphs 1 - 8, and denies Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Defendant Harrison County files this its separate Answer to the Complaint presented against it and upon final hearing moves that same be dismissed along with your Defendant with its costs being assessed against Plaintiff.

RESPECTFULLY SUBMITTED, this the 3rd day of January, 2008.

HARRISON COUNTY, MISSISSIPPI
through its duly constituted
and elected Board of
Supervisors

MEADOWS LAW FIRM

BY: /s/ *Karen J. Young*

KAREN J. YOUNG

## CERTIFICATE OF SERVICE

I, Karen J. Young, of Meadows Law Firm, do hereby certify that a true and correct copy of the above and foregoing Answer and Defenses of Harrison County, Mississippi to the Complaint was filed with the United States District Court wherein a copy was forwarded electronically to:

James Bailey Halliday, Esq.
P.O. Box 6783
Gulfport, MS 39506

Robert G. Harenski, Esq.
P.O. Box 4961
Biloxi, MS 39535

Cyril Faneca, Esq.
Dukes, Dukes, Keating and Faneca
P.O. Box W
Gulfport MS 39502

SO CERTIFIED this the 3rd day of January, 2008.

/s/ *Karen J. Young*

KAREN J. YOUNG, MS Bar #6654

Karen J. Young, Esq.
MS Bar No. 6654
MEADOWS RILEY LAW FIRM
P.O. Box 1076
Gulfport, MS 39502
Telephone: (228)868-7717
Facsimile: (228)868-7715
Email: kyoung@datasync.com