IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARGUERITE CARRUBBA                                                           PLAINTIFF

VERSUS                                                    CAUSE NO.: **1:07cv1238-LG-RHW**

HARRISON COUNTY, MISSISSIPPI, ET AL.                               DEFENDANTS

**PLAINTIFF'S MOTION TO COMPEL EXPERT DEPOSITIONS
BEFORE MOTIONS DEADLINE**

*Expedited Consideration Requested*

COMES NOW, Plaintiff, Marguerite Carrubba ("Plaintiff"), by and through his undersigned counsel, and submits this Motion to Compel Defendant's Expert's Depositions before the Motions Deadline, and would show unto the Court as follows:

1. On July 28, 2009, the Court re-set the Defendants' expert designation deadline to September 4, 2009. On August 4, 2009, the Court re-set the discovery deadline and Motions deadline to October 1 and October 22, respectively.

2. On Friday, September 4, 2009, Payne filed a supplemental designation for Ken Katsaris in which Katsaris rendered additional opinions regarding the incident with the Plaintiff and the "custom and practice" of the Harrison Count Adult Detention Center. [Docket No. 161].

3. Following Labor Day, on Tuesday, September 8, 2009, Plaintiff, through counsel, requested deposition dates for Katsaris. See Exhibit "A". Plaintiff followed up the next day with another request. *Id.* Next, on September 14, 2009, Plaintiff again requested deposition dates for Katsaris. See Exhibit "B".

4. On September 15, 2009, Payne responded to Plaintiff's request with dates for Katsaris in November. See Exhibit "C". The deposition dates are more than a month following

1

the discovery deadline (October 1) and well after the motions deadline (October 22). Plaintiff responded with correspondence dated September 16, 2009 requesting deposition dates prior to the discovery and motions deadline. See Exhibit "D". This represents Plaintiff's good faith effort to resolve this discovery dispute without the necessity of Court intervention.

5. While Payne's counsel has communicated to Plaintiff's counsel that he would not oppose the deposition being taken outside of the discovery period, this does not cure the prejudice and problems of the situation.

6. Payne's counsel has indicated that they will probably employ an affidavit from the expert for use in a summary judgment motion before the motions deadline. Defendant's use of the expert in any summary judgment motion deadline outlines the urgency in Plaintiff's request to depose this expert.

7. Plaintiff would suffer substantial prejudice if Defendant is able to use this expert in support of a summary judgment motion without Plaintiff's having the opportunity to depose such expert. Plaintiff acted diligently in requesting deposition dates once the expert was designated. Katsaris was designated on Friday, September 4, and while all offices were closed on Monday, September 7 for Labor Day, Plaintiff began requesting deposition dates on Tuesday, September 8 and continued requesting in the subsequent days. See Exhibits "A" and "B".

8. Plaintiff requests the Court to enter an Order compelling the Defendant's expert to appear for deposition before either the discovery deadline or motions deadline.

9. Furthermore, Plaintiff requests that the Court grant her relief from the unreasonable hourly fee requirements for the expert. Katsaris charges a minimum fee of $2,000 for a five (5) hour minimum, then $400 per hour over five (5) hours. This is excessive.

10. Fed. R. Civ. P. 26(b)(4)(C) requires an expert be paid a "reasonable fee for time

spent in responding to discovery". A minimum of $2,000 is not a reasonable fee, especially if the deposition only takes two hours. Moreover, $600 an hour is an unreasonable request and Plaintiff should not be made to pay such an unreasonable amount.

11. Finally, Plaintiff requests the Court to require the Defendant's expert to travel here for the deposition. Defendant's expert requires the deposition to take place in Tallahassee, Florida. The litigation is filed in Mississippi. Defendant's choice to employ out-of-state expert should not result in the requirement that Plaintiff should have to travel out of this state. Plaintiff is the master of the Complaint and forum. Defendant's expert should be required to be deposed in Mississippi, as opposed to Florida.

12. Pursuant to Local Rule 37.1, attached is the Good Faith Certificate. See Exhibit "E".

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Marguerite Carrubba, requests that this Honorable Court enter an Order compelling the Defendant to produce its experts Ken Katsaris for deposition before the discovery deadline, or in the alternative, before the motions deadline. Plaintiff further requests the Court to require the expert to charge reasonable fees and for the deposition to be conducted in Mississippi, and further relief that this Honorable Court deems necessary.

This, the 28th day of September, 2009.

          Respectfully Submitted

          MARGUERITE CARRUBBA, Plaintiff

          BY:  BROWN BUCHANAN, P.A.

          BY:  /s/ Mark V. Watts
             PATRICK R. BUCHANAN
             MARK V. WATTS

PATRICK R. BUCHANAN (MSB #8439)
MARK V. WATTS (MSB #102204)
BROWN BUCHANAN, P.A.
796 VIEUX MARCHE, SUITE 1
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE:   (228) 435-7090

4

**CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification to such filing to the following counsel of record:

| | | |
|---|---|---|
| Joe Crawford Gewin | Ian A. Brendel | Karen Jobe Young |
| Haley N. Broom | Jim Davis, P.A. | Meadows Law Firm |
| Dukes, Dukes, Keating & Faneca | P.O. Box 1521 | P.O. Box 1076 |
| P.O. Drawer W | Gulfport, MS 39502 | Gulfport, MS 39502 |
| Gulfport, MS 39502-0680 | | |

Dated, this the 28th day of September, 2009

                                              /s/Mark V. Watts
                                           PATRICK R. BUCHANAN
                                           MARK V. WATTS

PATRICK R. BUCHANAN (MSB #8439)
MARK V. WATTS (MSB #102204)
BROWN BUCHANAN, P.A.
796 VIEUX MARCHE, SUITE 1
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE:   (228) 435-7090