IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARGUERITE CARRUBBA**                                                                        **PLAINTIFF**

**V.**                                                                       **CIVIL ACTION NO. 1:07CV1238**

**HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE;
WAYNE PAYNE; DIANE GATSON RILEY;
STEVE CAMPBELL; RICK GATSON; RYAN TEEL;
KARLE STOLZE, WILLIAMS PRIEST, JAMES A.
GONDLES, JR. AMERICAN CORRECTIONAL
ASSOCIATION; JOHN AND JANE DOES 1-3;
HEALTH ASSURANCE LLC AND J. L. WHITE**                          **DEFENDANTS**

### DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO
### PROVIDE MEDICAL RECORDS

COMES NOW Defendant, George Payne, Jr., in his official capacity, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to the Federal Rules of Civil Procedure, submits this Motion to Compel Plaintiff to Execute a Medical Waiver authorizing Defendant to obtain her medical records from the Gulf Coast Mental Health Center and would show unto the Court the following, to-wit:

**I.**

Plaintiff Marguerite Carrubba claims to have suffered (First Paragraph of Amended Complaint) "grievous physical and mental injuries and related and resulting damages" arising from her June 17, 2006 incarceration at the Harrison County Adult Detention Center (hereinafter referred to as HCADC). Plaintiff also (Paragraph 150 of Amended Complaint) alleges that she "suffered and continues to suffer from physical pain, mental and emotional anguish" and Plaintiff also claims (Paragraph 152 of Amended Complaint)

that she suffers from mental impairments which will require future medical treatment. Finally, in the conclusion to her Amended Complaint Plaintiff claims "because of this, I will never be the same physically or mentally".

## II.

As Plaintiff is alleging, "because of this I will never be the same physically or mentally", she has placed her pre-June 17, 2006 mental and emotional condition at issue in her damages claim.

## III.

Following Plaintiff's discovery responses identifying the Gulf Coast Mental Health Center (hereinafter referred to as GCMHC) as a medical provider, Plaintiff executed a signed and notarized HIPPA compliant medical waiver authorizing Defendant to obtain her medical/mental health records from the GCMHC. See Copy of waiver attached hereto as **Exhibit "A"**.

## IV.

Upon receipt of Plaintiff's executed medical waiver and Defendant's correspondence requesting Plaintiff's records, the GCMHC provided Defendant with (a.) an activity record showing dates of treatment of the Plaintiff from March 1, 1993 until June 10, 2009; and (b.) twenty-two (22) pages of Plaintiff's actual medical records beginning November 14, 2005 and continuing untill May 5, 2009.

## V.

Upon inquiry to the GCMHC, its personnel said that the Plaintiff told them not do disclose records before November 14, 2005. At her August 19, 2009 deposition, Plaintiff testified that she told the GCMHC:

> Q. And that was because you asked them not to give us earlier records?
> A. Yes.
> Q. Why did you do that?
> A. Because it has nothing to do with this. I thought that you just needed what happened from this incident forward.

(Pl. Depo. P.104, L.2-8)

## VI.

On September 10, 2009, Defendant's counsel corresponded with Plaintiff's attorney requesting that Plaintiff produce the remainder of her GCMHC records in addition to the November 14, 2005 to June 10, 2009 records that Mrs. Carrubba allowed the GCMHC to produce. See correspondence attached hereto as **Exhibit "B"**. On September 11, 2009 Plaintiff's counsel responded in part that "to date we have provided all medical records which we believe are relevant to the instant litigation" and "we do not believe that Mrs. Carrubba medical records dating back more than fifteen (15) years are relevant to the instant allegations in this matter". See correspondence attached hereto as **Exhibit "C"**.

## VII.

The earliest records received were Plaintiff's November 14, 2005 records, which were 214 days, not fifteen (15) years, prior to her June 17, 2006 incident at the HCADC. Plaintiff's counsel also claimed to have "provided all medical records which we believe are relevant". This statement implies that Plaintiff's counsel have either (a.) obtained and reviewed all of Plaintiff's GCMHC records and then decided that no pre-November 14, 2005 are relevant; or (b.) have obtained no GCMHC records and simply assume that no records prior to November 14, 2005 would be relevant to Mrs. Carrubba's prior mental condition.

3

**VIII.**

The Federal Rules of Civil Procedure allow a party to request documents and/or information that appear reasonably calculated to lead to the discovery of admissible evidence. In this case, GCMHC medical records of Mrs. Carrubba's long history (since 1993) of treatment for mental and emotional problems prior to her June 17, 2006 incarceration may reasonably lead to the discovery of admissible evidence as to her claim "that because of this, I will never be the same physically or mentally".

**IX.**

Pursuant to Local Rule 37.1, the Good Faith Certificate is attached hereto as hereto as **Exhibit "D"**.

WHEREFORE, PREMISES CONSIDERED, Defendant George Payne requests this Honorable Court enter an Order compelling the Plaintiff to produce an executed and notarized HIPPA compliant medical waiver authorizing Defendant to obtain her medical/mental health records from the GCMHC.

RESPECTFULLY SUBMITTED, this the 7th day of October, 2009.

        **George Payne, Jr., in his official capacity, Defendant**

    **BY:**    **DUKES, DUKES, KEATING & FANECA, P.A.**

    BY:    *s/Cy Faneca*
           CY FANECA, MSB #5188

**CERTIFICATE OF SERVICE**

    I, CY FANECA, do hereby certify that I have this day delivered, via electronic filing and/or United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

    Robert Harenski
    Robert G. Harenski and Associates
    1906 Pass Road
    Biloxi, MS 39531

    Patrick Buchanan
    Mark Watts
    Brown Buchanan
    P.O. Box 1377
    Biloxi, MS 39533

    Karen J. Young
    Meadows Law Firm
    P.O. Box 1076
    Gulfport, MS 39502

    James L. Davis
    Ian A. Brendel
    Jim Davis, PA.
    P.O. Box 1521
    Gulfport, MS 39502

This, the _7[th] day of October, 2009.

                                          *s/Cy Faneca*
                                          CY FANECA