**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MARGUERITE CARRUBBA** | **PLAINTIFF** |
| **VERSUS** | **CAUSE NO.: 1:07cv1238-LG-RHW** |
| **HARRISON COUNTY, MISSISSIPPI, ET AL.** | **DEFENDANTS** |

**PLAINTIFF'S MOTION TO COMPEL**

COMES NOW, Plaintiff, Marguerite Carrubba ("Plaintiff"), by and through his undersigned counsel, and submits this Motion to Compel investigative notebook, the individual investigative file, the audio recording of statements Steve Campbell took, and transcriptions of the audio recordings requested through discovery, and would show unto the Court as follows:

1. On or about April 30, 2009, Plaintiff propounded interrogatories and requests for production of documents to Defendant, Harrison County Sheriff, George Payne, in his official capacity, in the instant matter. See Exhibit "A". Plaintiff received responses to the interrogatories and requests for production of documents on or about June 18, 2009. See Exhibit "B".

2. Interrogatory No. 10 stated: "State whether an investigation of the Plaintiff's allegations which occurred on or about November 6, 2005, has been performed, whether performed for any department or agency of any local, state or federal government, or for the Defendant, its insured, agents, or for any other party and for each such person conducting the investigation state the following: The person's employer; Dates of the investigation; Whether any photographs were taken or drawings were made and if so, the names and addresses of all persons having copies of such photographs or drawings; Whether any video tapes were taken or reviewed and if so, the names and addresses of all persons having copies or originals of the video

1

tapes; Whether statements in any form were taken, and if so, the names and addresses of all persons from whom the statements were taken; the form of the statements; and the name and address of the person having originals, copies or transcripts of such statements; A description and list of all tangible, physical or other evidence or information which was obtained during the investigation; Whether a report or any other documents were prepared during or as a result of the investigation, and if so, list and describe all documents prepared and the name and address of every person having the original or a copy of the reports or documents.." Defendant responded by describing documents which had already been produced. See Exhibit "B".

3. Request for Production No. 1 stated: "Produce copies of any and all investigation reports made by an investigator or any other agency or person relating to the claim which is the subject of this lawsuit." Defendant responded "no written report was issued". See Exhibit "B".

4. Request for Production No. 6 stated: "Produce copies of any and all photographs, film, videotapes, drawings, newspaper articles, or diagrams which Defendants have or which may be in the hands of their attorney, which in any way relate to this claim." Defendant responded that all everything has been produced, and further pointed out that over 200 boxes of materials were made available to Plaintiff's counsel to review. See Exhibit "B".

5. On October 1, 2009, Plaintiff conducted the 30(b)(6) deposition of Defendant. Defendant designated Steve Campbell as one designee. Mr. Campbell testified that he kept a notebook of every investigation performed while he was head of the Professional Standards Unit at the Harrison County Adult Detention Center. Mr. Campbell further stated that he left a copy of that notebook at the Detention Center upon his retirement, and he stated that he also kept a copy which he took himself and he still has to this day.

6. Mr. Campbell also testified that an individual investigative file was made on each

investigation he performed. Mr. Campbell testified that he took statements from the correctional officers regarding his investigations into matters. Mr. Campbell also testified that he kept an audio recording of all persons interviewed during an investigation. Finally, Mr. Campbell is identified as having investigated the matter and talking with Plaintiff on the phone. See Exhibit "B", Int. No. 10. Deposition cites will be supplemented once the deposition transcript is received.

7. None of the above mentioned items have ever been produced, nor has Defendant objected to them being produced.

8. On October 2, 2009, Plaintiff's counsel hand delivered correspondence to Defendant's counsel regarding production of these items. Plaintiff's letter gave the Defendant until October 7 to produce the materials.

9. Defendant's counsel verbally responded that the investigative notebook kept by Campbell was among the numerous boxes which were searched through by Plaintiff's counsel Robert Harenski months ago. Defendant's counsel suggested that Harenski missed it.

10. Harenski's search through a mountain of documents aside, if Defendant knows where the notebook is located and received valid discovery requests regarding the same, Defendant is under a duty to produce the materials.

11. Plaintiff, through counsel, sent a follow-up letter to Defendant's counsel on October 7, 2009. Exhibit "C". This letter provided Defendant another opportunity to produce the materials. Defendant never responded.

12. The above discovery requests pertain to the items Campbell referred to during his testimony. Plaintiff seeks production of the investigative notebook, the individual investigative file, the audio recording of statements Campbell took, and transcriptions of the audio recordings.

13. The discovery deadline expired on October 1, 2009. While Plaintiff understands Local Rule 7.2(B)(2) requires that discovery motions must be filed sufficiently in advance of the discovery deadline, the Plaintiff has sufficient reasoning for the late filing.

14. Plaintiff first learned of the existence of the investigative notebook, the individual investigative file, the audio recording of statements Campbell took, and transcriptions of the audio recordings on the day of the discovery deadline, October 1, 2009. Plaintiff diligently tried to seek Defendant's cooperation, in good faith, in producing the requested materials.

15. Moreover, these materials were never identified by Defendant despite valid discovery requests to do so. Defendant has never made any statements or disclosures as to even the existence of these materials, inclusive of statements, files and audio recordings.

16. In *Hughes v. Boston Scientific Corp.*, 2009 WL 3031680 (S.D. Miss. Sept. 17, 2009), the Court denied a Motion to Compel pursuant to Local Rule 7.2(B)(2). However, the facts are distinguishable. In *Hughes*, the plaintiff tried to assert that he learned of certain documents a few days before the discovery deadline, and that was the reason for his late motion. However, the Court found that the plaintiff waited nearly a month following discovery deadline to seek to compel, and moreover, never mentioned the discovery dispute at a Court conference following the discovery deadline. The Court held that the plaintiff was not diligent in seeking the information.

17. In the instant matter, upon learning of the existence of the materials, Plaintiff diligently sought Defendant's cooperation in producing the materials, and when that did not happen, Plaintiff has diligently sought Court intervention. Plaintiff has at all times acted in good faith, and should not be punished because Plaintiff learned of the materials late.

18. Plaintiff requests an Order from this Honorable Court that Defendant be compelled to produce investigative notebook, the individual investigative file, the audio recording of statements Campbell took, and transcriptions of the audio recordings.

19. Pursuant to Local Rule 37.1, Plaintiff's counsel sent Defendant's counsel a Good Faith Certificate to be executed; however, the Good Faith Certificate was not returned executed. Accordingly, pursuant to Local Rule 37.1, attached is an affidavit by Plaintiff's counsel in lieu of the executed Good Faith Certificate. See Exhibit "D".

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Marguerite Carrubba, requests that this Honorable Court enter an Order compelling the Defendant to investigative notebook, the individual investigative file, the audio recording of statements Campbell took, and transcriptions of the audio recordings, and further relief that this Honorable Court deems necessary.

    Respectfully Submitted

    MARGUERITE CARRUBBA, Plaintiff

    BY:  BROWN BUCHANAN, P.A.


    BY: _  /s/ Mark V. Watts_____
        PATRICK R. BUCHANAN
        MARK V. WATTS

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification to such filing to the following counsel of record:

| | | |
|---|---|---|
| Joe Crawford Gewin | Ian A. Brendel | Karen Jobe Young |
| Haley N. Broom | Jim Davis, P.A. | Meadows Law Firm |
| Dukes, Dukes, Keating & Faneca | P.O. Box 1521 | P.O. Box 1076 |
| P.O. Drawer W | Gulfport, MS 39502 | Gulfport, MS 39502 |
| Gulfport, MS 39502-0680 | | |

Dated, this the 8th day of October, 2009

    /s/Mark V. Watts
PATRICK R. BUCHANAN
MARK V. WATTS


PATRICK R. BUCHANAN (MSB #8439)
MARK V. WATTS (MSB #102204)
BROWN BUCHANAN, P.A.
796 VIEUX MARCHE, SUITE 1
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE:   (228) 435-7090
mailb@brownbuchanan.com

ROBERT G. HARENSKI (MSB #10037)
POST OFFICE BOX 4961
BILOXI, MS 39535
TELEPHONE: (228) 669-9700