# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARGUERITE CARRUBBA**                                               **PLAINTIFF**

**VERSUS**                                               **CAUSE NO.:** **1:07cv1238-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                    **DEFENDANTS**

### PLAINTIFF'S INTERROGATORIES PROPOUNDED TO DEFENDANT, HARRISON COUNTY SHERIFF, GEORGE PAYNE, IN HIS OFFICIAL CAPACITY

**COMES NOW** the Plaintiff, Marguerite Carrubba, by and through counsel, and pursuant to F.R. Civ. P.33, propounds the following Interrogatories to the Defendant Harrison County Sheriff, George Payne, in his official capacity, to be answered separately, in writing, and under oath. They are to be considered ongoing and any change from the response provided, whether occasioned by new information, correction of misinformation or other reason should be made promptly at any time prior to trial.

### INSTRUCTIONS AND DEFINITIONS

A.     The word "identify" or "identity", when used herein with reference to a <u>natural person,</u> means to state his/her full name and the present or last known address of his/her residence, and his/her telephone number (with Area Code prefix). If any of the above information is not available, state any other available means of identifying such natural person.

B.     The word "you", "your", and "person(s)" as used herein shall be deemed to include Harrison County Sheriff, Harrison County Sheriff's Department, its agents, employees, and representatives (which includes the Sheriff, any employee of the Harrison County Adult Detention Center, and any employee of the Harrison County Sheriff's Department).

C.     The word "identify" or "identity"; when used with reference to <u>a person other than an individual natural person,</u> means to set forth its (1) full and correct name or title; (2) drafts thereof), in the knowledge, possession, custody or control of the party, his/her/its officers, directors, members, partners, joint ventures, agents, attorneys, employees, heirs, predecessors, successors and assigns, regardless of where located, and includes, but is not limited to, correspondence, transcriptions, tapes, invoices, notes from telephone conversations, agreements,

contracts, statements, bills, business records, other records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, computer date, telegrams, teletype, photographic matter, communications of any kind or nature whatsoever, and any other such documents and tangible things. In all cases where originals are not available, documents also photocopies and other copies of such documents and any portions thereof.

      D.      The word "communications" means writings, telephone conversations, oral conversations other than telephone conversations, meetings.

      E.      If any document requested to be produced in this document is withheld by reason of a claim of privilege or otherwise not identified or not disclosed, a list shall be furnished along with Defendant's written response hereto, and at the time of production of documents, identifying each such document for which the privilege is claimed, or some other basis asserted for nondisclosure, together with the following information, to the extent such information is known or readily available to Defendant or his attorneys:

(1) the date of the document;

(2) the names of its author, authors, or preparers and an identification of place of employment and job title for each such person;

(3) the name of each person who was sent or furnished with the document or who received, viewed, or has had custody of the document, together with the home address, place of employment, job title, business address, and business telephone number of each such person;

(4) a brief description of the document;

(5) a statement of the basis for the claim of privilege;

(6) the paragraph of this request to which the document relates; and in the case of any document relating in any way to a meeting or any other conversation or communication, all participants in, and witnesses to, the meeting or conversation are to be identified.

## **INTERROGATORIES**

**INTERROGATORY NO: 1**:    State the name, address and telephone number of each

2

person or persons the Defendant has ascertained who may have knowledge or discoverable evidence relating to the subject matter of the present litigation.

**INTERROGATORY NO: 2**:    State the name, address and telephone number of each witness the Defendant will or may call in the trial of this Cause.

**INTERROGATORY NO: 3**:    State the names, addresses and telephone numbers of all expert witnesses you will call or may call at the trial of this matter and state the following about each such expert:

A.    The subject matter on which the expert is expected to testify;

B.    The substance of facts and opinions to which said expert is expected to testify;

C.    Such expert's qualifications and area of expertise;

D.    Summary of the grounds for each opinion to which each expert is expected to testify.

**INTERROGATORY NO: 4**:    Describe all documentary and/or tangible evidence you intend to introduce at the trial of this Cause.

**INTERROGATORY NO: 5**:    State the name, address and telephone number of any insurance carrier whose responsibility it is to defend claims such as the one herein made by the Plaintiffs as against the Defendant, and state the monetary limitations of the insurance policy or policies as reflected in said policy.

**INTERROGATORY NO: 6**:    Please state the names of all persons known by you to have been a witness to the incident giving rise to this litigation, including name, address, employer and telephone number.

3

**INTERROGATORY NO: 7**:    Describe in detail without limitation, any statement written or oral made by the Plaintiff concerning the subject occurrence.

**INTERROGATORY NO. 8**:    Described any and all photographs, video tapes or film of the Plaintiff and/or the subject matter of the present litigation.

**INTERROGATORY NO. 9**:    For each affirmative defense set forth in your answer, please state the following:

- A.  The factual basis for your affirmative defense.

- B.  The legal basis for the affirmative defense.

- C.  The name, address and telephone number of each individual you allege has knowledge concerning the affirmative defense.

- D.  Identify and list each document you contend supports your affirmative defense.

**INTERROGATORY NO. 10:**    State whether an investigation of the Plaintiff's allegations which occurred on or about June 17, 2006, has been performed, whether performed for any department or agency of any local, state or federal government, or for the Defendant, its insured, agents, or for any other party and for each such person conducting the investigation state the following:

- A.  The person's employer.

- B.  Dates of the investigation.

- C.  Whether any photographs were taken or drawings were made and if so, the names and addresses of all persons having copies of such photographs or drawings.

- D.  Whether any video tapes were taken or reviewed and if so, the names and

4

addresses of all persons having copies or originals of the video tapes.

E. Whether statements in any form were taken, and if so, the names and addresses of all persons from whom the statements were taken, the form of the statements and the name and address of the person having originals, copies or transcripts of such statements.

F. A description and list of all tangible, physical or other evidence or information which was obtained during the investigation.

G. Whether a report or any other documents were prepared during or as a result of the investigation, and if so, list and describe all documents prepared and the name and address of every person having the original or a copy of the reports or documents.

**INTERROGATORY NO. 11:** List all complaints filed by any citizen, whether through lawsuit or in any other manner alleging abusive, violent or other inappropriate behavior by members of the Harrison County Sheriff's Department in the Harrison County Detention Facility. If reports or lawsuits were made concerning the complaints, list and describe each document, the cause number and court where suit was filed and the name and address of individual having originals or copies of such documents.

**INTERROGATORY NO. 12:** State the last known address, telephone number and employer of the following individuals: Diane Gaston-Riley, Karle W. Stolze, Daniel Evans, Andrea Gibbs, Regina Rhodes, Jarred Necaise, Catherine Pavolini, Morgan Lee Thompson, Ryan Teel, Dedri Yulon Caldwell, Thomas Preston Wells, William Jeffery Priest, Lee Oatis Jackson,

5

Phillip Taylor, Madeline Dedeaux, Eddie Collins, Melinda Hester, Kenneth Windham, Earl Leonard, Elizabeth Allen, Wayne Turner, Steve Campbell, Andy Calvanese, Rupert Lacy, Joe Collins, Bill Frith, Gary Shirley, Rick Gaston, Preston Wills, Robert Parker.

**INTERROGATORY NO. 13:** Other than this lawsuit, have you ever been a Defendant in any other suit wherein it was alleged that abuse, violent or other inappropriate behavior occurred at the Harrison County Detention Facility? If so, state the following:

- A. Name of the party and style of litigation.
- B. Facts of the Complaint.
- C. City, State or County where litigation was filed.
- D. Results or outcome of litigation.

**INTERROGATORY NO. 14:** Have you settled with any other person, any claims alleging abuse, violent or other inappropriate behavior at the Harrison County Detention Facility? If so, state the following:

- A. The name, address and telephone number of the individual with whom you settled the claim.
- B. The amount of the settlement.
- C. The facts of the claim which led you to settle the claim.
- D. List and describe any documents that were reviewed in determining that the claim should be settled.
- E. State whether or not the Harrison County Sheriff submits to Harrison County or its Board of Supervisors, its internal operational procedures, manuals or other

documents. If so, list and describe each document.

**INTERROGATORY NO. 15:** State whether or not on June 17, 2006, there was a plan or policy in place at the Harrison County Detention Facility to provide medical care to detainees/inmates. If so, was the plan in writing? State the contents of the plan or policy.

**INTERROGATORY NO. 16:** State whether or not there is a civilian or civil service board appointed to review and make recommendations concerning any Complaints filed by citizens against the Harrison County Detention Facility or the employees. If so, state the name, address and telephone number of the members for the past five years.

**INTERROGATORY NO. 17:** State what oversight, supervision or monitoring is performed by Harrison County, its Board of Supervisors, its agents or representatives concerning the operation of the Harrison County Detention Facility. State whether or not you have a copy of the narrative form, incident report or other document completed by any Harrison County Sheriff's Department employee concerning the incident that is the subject of this litigation. State whether or not you have a copy of any reports submitted by you, Harrison County Sheriff, Harrison County Detention Facility Employees or anyone else concerning a report submitted to the United States Justice Department.

**INTERROGATORY NO. 18:** State whether or not you received a copy of the 1995 Federal Court Order to improve conditions and guaranty inmate rights at the Harrison County Detention Facility. If so, state the date you received the Order and all actions you have taken to implement the Federal Court Order.

**INTERROGATORY NO. 19:** State whether or not you receive the quarterly package or reports the Harrison County Detention Facility is required to submit under the 1995 Federal Court Order. If so, state the individual or entity that has possession of the packages/reports.

**INTERROGATORY NO. 20:** State the name, address and telephone number of all employees who worked in the Harrison County Detention Facility June 17, 2006.

**INTERROGATORY NO. 21:** State the factual and/or evidentiary basis for your beliefs and allegations that at all times you acted in a reasonable manner and in good faith in the execution of your official duties, therefore making you immune from liability.

**INTERROGATORY NO. 22:** In your Answer, Sixth Defense, you state: "Any acts or omissions by Defendant are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, so this Defendant is not liable to the Plaintiff." As to this allegation, state the following:

A. The name, address and telephone number of any person providing facts which support this statement.

B. List and describe any documents which support this allegation.

C. The names, addresses and telephone numbers of the persons responsible for the injuries and damages sustained by the Plaintiff on June 17, 2006.

D. State the name, address and telephone number of any individuals providing these facts.

**INTERROGATORY NO. 23:** State the factual and/or evidentiary basis for your beliefs and allegations that a habit, pattern, custom, or policy of injurious abuse and use of excessive force against detainees and/or inmates did not exist at the Harrison County Adult Detention Center.

**INTERROGATORY NO. 24:** State the factual and/or evidentiary basis for your beliefs and allegations that a conspiracy to deprive the Plaintiff or any other individual of any rights or freedoms never existed at the Harrison County Adult Detention Center.

**INTERROGATORY NO. 25:** State the full name, address, telephone number, place of employment and position held of each and every person answering or assisting in answering these interrogatories.

**INTERROGATORY NO. 26:** What, if any, disciplinary action was taken against booking officers, including, but not limited to, Ryan Teel, for his involvement in the beating death of Jessie Lee Williams?

**INTERROGATORY NO. 27:** What, if any, disciplinary action was taken against booking officers, for their involvement in the June 17, 2006 beating of Marguerite Carrubba?

RESPECTFULLY SUBMITTED

MARGUERITE CARRUBBA, Plaintiff

By: _____
Patrick R. Buchanan(MSB No. 8439)
Michael E. Bruffey(MSB No. 8439)
Steven B. Dick(MSB No. 99566)

Brown Buchanan, PA
796 Vieux Marche, Suite 1
Biloxi, MS  39530
tel: 228-374-2999
fax: 228-435-0035
mailb@brownbuchanan.com
meb@brownbuchanan.com
sbd@brownbuchanan.com

Robert G. Harenski, Esq. (MB No.10037)
P.O. Box 4961
Biloxi, MS  39535
Phone:  228-669-9700
E-Mail:  harenskilaw@yahoo.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day mailed by United States mail, postage prepaid, a true and correct copy of the foregoing pleading to the following counsel:

Karen Jobe Young
Meadows Law Firm
Post Office Box 1076
Gulfport, MS  39502

Cyril T. Faneca
Haley Necaise Broom
Joe Crawford Gewin
Dukes, Dukes, Keating & Faneca
Post Office Drawer W
Gulfport, MS  39502-0680

Ian A. Brendel
James L. Davis III
Post Office Box 1839
Gulfport, MS  39502-1839

SO CERTIFIED, this the 4th day of May, 2009.

/s/ Michael B.
Patrick R. Buchanan
Michael E. Bruffey
Steven B. Dick