IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARGUERITE CARRUBBA**                                                **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:07CV1238**

**HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE;
WAYNE PAYNE; DIANE GATSON RILEY;
STEVE CAMPBELL; RICK GATSON; RYAN TEEL;
KARLE STOLZE, WILLIAMS PRIEST, JAMES A.
GONDLES, JR. AMERICAN CORRECTIONAL
ASSOCIATION; JOHN AND JANE DOES 1-3;
HEALTH ASSURANCE LLC AND J. L. WHITE**                    **DEFENDANTS**

**DEFENDANT GEORGE H. PAYNE, JR.'S, IN HIS OFFICIAL CAPACITY,
MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56**

COMES NOW Defendant, Sheriff George Payne, Jr., in his official capacity as Sheriff of Harrison County, by and through his attorneys of record, and files this his Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and in support of said Motion would show unto this Court the following:

I.

The Complaint in the matter subjudice is the First Amended Complaint [116] filed February 27, 2009. The remaining Defendants are Harrison County, Mississippi; George Payne, Jr., in his official capacity; Karl Stolze and William Priest.

II.

In the First Amended Complaint [116] ("Complaint"), Plaintiff alleges the following claims: Section 1983, 1985, 1988, and Fourth/Fourteenth Amendment Excessive Force, Denial of Medical Care, Conspiracy Claims, Official Capacity Claims (custom/policy), and Failure to Train and

Supervise.  Plaintiff claims that on or about June 17, 2006 she was beaten by Corrections Officers, while temporarily held in custody as a pre-trial detainee in the Booking Department of the Harrison County Adult Detention Center ("HCADC"). (Complaint [116], ¶ 2).

### III.

Plaintiff does not allege that Payne was present or participated in the alleged use of excessive force in this incident, but rather that high ranking officials of the Harrison County Sheriff's Department assisted Corrections Officers in this case, and others, to falsely deny and/or cover-up what had occurred and threatened to injure Plaintiff with retaliatory actions. (Complaint [116], ¶ 4). Plaintiff claims that these alleged cover-ups occurred both before and after this incident, evidencing a continued pattern and custom within the HCADC, and that HC and Payne were aware of a this alleged pattern of abuse, failed to take any meaningful action to prevent it, and were therefore "deliberately indifferent". (Complaint [116], ¶ 5 - 7).  With respect to the Failure to Train/Supervise claim, Plaintiff alleges Payne and/or other appointed officials failed to properly supervise, control, direct, discipline and/or train Corrections Officers, to prevent these alleged constitutional violations.  (Complaint [116], ¶ 8).  Plaintiff's specific claims against Defendant Payne are that he and other Defendants participated in a conspiratorial scheme to camouflage, cover-up, falsely explain and/or deny what happened to Plaintiff and that this was part of a pattern of abuse and misuse of force within Booking; to which Payne (among others) is alleged to have aided and abetted this misuse of force, by either condoning such acts and/or failing to take appropriate actions to prevent them. (Complaint [116], ¶ 45, 49).

### IV.

In the case at bar, Plaintiff's claims are insufficient to establish official capacity §1983

liability. Plaintiff cannot demonstrate that she suffered a constitutional deprivation; but even if she could prove a constitutional violation, based upon the undisputed facts, Plaintiff cannot establish that it occurred pursuant to any policy, custom, or practice of the Harrison County Sheriff's Office and/or Harrison County; therefore, Defendant Payne is entitled to summary judgment as a matter of law.

V.

Plaintiff's fails to state a claim for a Conspiracy pursuant to 42 U.S.C. §1985, because the Complaint allegations do not describe the type of conspiracies proscribed by this statute. As such, Plaintiff's claim for conspiracy fails as a matter of law. Plaintiff's claim for a conspiracy pursuant to 42 U.S.C. § 1983 fails because she cannot establish the existence of a conspiracy involving state action and a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. Also, Plaintiff cannot establish that she has lost any civil action as a result of the alleged "cover-up" conspiracy, and the fact that Plaintiff is currently pursing the claims made herein, demonstrates that such right has not be lost. Therefore, Plaintiff alleged conspiracy to "cover-up" fails as a matter of law.

VI.

Defendant Payne, in his official capacity, is entitled to summary judgment on Plaintiff's request for punitive damages.

VII.

In support of his Motion, Defendant George Payne relies upon the following exhibits, which are attached hereto and fully incorporated herein by reference:

**Exhibit "A"**   -   Gulfport Police Department Arrest Report, Narrative and Accident Report.

|   |   |   |
|---|---|---|
| "B" | - | Deposition of Marguerite Carrubba. |
| "C" | - | Memorial Hospital at Gulfport medical records. |
| "D" | - | Video (to be conventionally filed wit the Court). |
| "E" | - | Deposition of Karl Stolze. |
| "F" | - | Affidavit of Donald Cabana |
| "F1" | - | Inmate jacket records of Marguerite Carrubba |
| "F2" | - | HCADC nurses notes. |
| "G" | - | Affidavit of Ken Katsarsis. |
| "H" | - | Supplementary Affidavit of Ken Katsarsis. |
| "I" | - | Affidavit of George Payne |
| "I1" | - | Facility Goals, Purpose, and Mission Policy |
| "I2" | - | Code of Ethics Policy |
| "I3" | - | General Rules of Conduct |
| "I4" | - | Use of Force Policy |
| "I5" | - | Use of Restraints |
| "I6" | - | Use of Force, General Order #10 |
| "I7" | - | Healthcare Services |
| "I8" | - | Professional Standards Unit General Order #65 |
| "I9" | - | General Order #62 |
| "I10" | - | General Order #44 |
| "I11" | - | 80 Hour training record of Ryan Teel |
| "I12" | - | Grievance Policy |
| "I13" | - | Cover Sheet dated July 20, 2005 |
| "I14" | - | IA report of Joseph Towner |
| "I15" | - | Disciplinary records of Joseph Towner. |

Defendant further relies upon and incorporates herein his Memorandum of Authorities being filed with the Court contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant Payne, in his Official Capacity, hereby files this Motion for Summary Judgment since it is undisputed that he is entitled to summary judgment on all official capacity claims, including Plaintiff's request for punitive damages, as a

4

matter of law. Defendant respectfully request that, upon all issues having been duly considered, this Honorable Court will grant this Motion and dismiss this Civil Action with prejudice. Defendant prays for such other and further relief as this Honorable Court deems appropriate.

    RESPECTFULLY SUBMITTED, this the 16th day of November, 2009.

                             **GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY, Defendant**

                       **BY:**    **DUKES, DUKES, KEATING & FANECA, P.A.**

                       BY:    */s/Cy Faneca*
                                CY FANECA, MSB #5128

Cy Faneca, MSB #5128
Joe C. Gewin, MSB #8851
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**  (228) 868-1111
**Facsimile:**   (228) 863-2886

5

## **CERTIFICATE OF SERVICE**

It is hereby certified that via United States Mail, postage fully pre-paid, and electronically filed a true and correct copy of the above and foregoing pleading has been delivered to the following:

Counsel(s) for Plaintiff:
    Robert Harenski
    Robert G. Harenski and Associates
    1906 Pass Road
    Biloxi, MS 39531

    Patrick R. Buchanan
    Mark Watts
    Brown Buchanan
    P.O. Box 1377
    Biloxi, MS 39533

Counsel for Harrison County:
    Karen J. Young
    Meadows Law Firm
    P.O. Box 1076
    Gulfport, MS 39502

Counsel for Wills and Thompson
    Ian A. Brendel
    Jim Davis, PA.
    P.O. Box 1521
    Gulfport, MS 39502

THIS, the 16th day of November, 2009.

                */s/ Cy Faneca*
                CY FANECA