IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARGUERITE CARRUBBA,

       Plaintiff,

VS.                                      Civil Action No. 1:07CV1238LG JMR

HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE,
in his official and individual capacity; DIRECTOR
OF OPERATIONS MAJOR WAYNE PAYNE,
in his official and individual capacity; DIRECTOR
OF CORRECTIONS MAJOR DIANE GASTON RILEY,
in her official and individual capacity; DIRECTOR OF
INTERNAL AFFAIRS CAPTAIN STEVE CAMPBELL,
in his official and individual capacity; SUPERVISOR
OF BOOKING CAPTAIN RICK GASTON, in his
official and individual capacity; CORRECTIONS
OFFICER SERGEANT RYAN TEEL, in his
official and individual capacity; CORRECTIONS
OFFICER KARLE STOLZE, in his official
and individual capacity; CORRECTIONS OFFICER
WILLIAM PRIEST, in his official and individual capacity;
AMERICAN CORRECTIONAL ASSOCIATION and its
EXECUTIVE DIRECTOR JAMES A. GONDLES, JR.
and employee(s) JOHN AND/OR JANE DOE 1-3;
HEALTH ASSURANCE LLC and its employee
J.L. WHITE,

       Defendants.

_____/

## SUPPLEMENTARY AFFIDAVIT OF W. KEN KATSARIS

      Before me, the undersigned authority, personally appeared W. Ken Katsaris, who being duly sworn, states:

      A.     I am currently a certified Florida Law Enforcement Officer/Instructor and consultant in both Law Enforcement and Corrections. I have instructed in a wide area of law enforcement and corrections subjects at the Regional Police/Corrections Academies.

1

**EXHIBIT**

tabbies®

"H"

I also currently instruct in the nationally recognized AELE Police and Jail Liability Seminars for attorneys and agency/jail/prison commanders.

My experience includes service as both a jail and police officer for the St. Petersburg Florida Police Department, Police Officer with the Tallahassee Florida Police Department, Trooper with the Florida Highway Patrol, the elected Constitutional Sheriff of Leon County, Florida (Tallahassee), which included the management of the Leon County Jail. After leaving the office of Sheriff, I was appointed to the position of Assistant to the Secretary of Corrections for the State of Florida Department of Corrections (DOC), with liaison responsibilities to all 67 of Florida's jails.

My academic instructional background includes ten (10) years as the Department Chairman of the Criminal Justice Program at the Tallahassee Community College, Tallahassee, Florida, where I taught both corrections and law enforcement courses. I also served as Adjunct Professor in both Criminology and Social Work at the Florida State University (Tallahassee, Florida).

I am a certified use of force instructor and have taught throughout the nation consistently for over 15 years. I instruct on the use of force standards and procedures for handling jail and prison inmates. I have been retained as a consultant by jails of all sizes, including the largest jail in the country, the Los Angeles County Jail. As a litigation consultant I have been retained by both the plaintiff and defendant and have testified on use of force issues in both state and federal courts.

During the tenure of two Florida Governors, I was appointed to the position of Commissioner of the Florida Corrections Standards and Training Council where I participated in setting policy and standards for all corrections agencies and officers in Florida. Additionally, I have served as a consultant to the Florida Criminal Justice Standards and Training Commission in the development of a model basic training program for all jail and prison officers in Florida.

B.    To prepare for rendering opinions, I have reviewed and largely relied upon the following materials as the basis of my opinions:

1.    See Exhibit "A".

C.    The below listed opinions were formulated based on my experience, training and education in the corrections field, the standard of care recognized by Corrections Organizations and Officials throughout the U.S. as the custom and practice for the administration, management and supervision of corrections agencies and personnel. The opinions are based on my knowledge of the training of Corrections Officers throughout the U.S. in addition to my knowledge of the written standards and materials generally available for training and guiding Corrections Officers in their every day assignments.

D.    A comprehensive review of all of the materials routinely and customarily available as a part of the contemporaneous official records of the Harrison County Sheriff's Office reflecting prisoner booking, screening, and incarceration, relating to the plaintiff and others, was carefully undertaken for this supplementary affidavit. The comprehensive list of materials listed on Exhibit "A" contains these records, and other records which would not be a part of the contemporaneous processing and incarceration records of any prisoner, but would be created as a result of later inquiries which, because of timing and evidentiary standards, would not be part of the reasonable calculus of evidence either for internal investigations of personnel conduct following a complaint or incident, nor would this later created material be used for an evaluation of the adequacy of policy or the custom and practice of the Harrison County Sheriff's Office and the operation of its jail. Reasonable and reasoned evaluation must be made of evidence, records, and inquires contemporaneous with the events being investigated. The Sheriff's Office inquiries would also rely on the documents, evidence, and reports of personnel being truthful, and unless glaring inconsistencies exist, accept the information and reports created by policy and procedure. Based upon this standard of review I render the below supplementary opinions to my Affidavit of January 9, 2009 (attached as Exhibit "B").

1.    The alleged use of force on Ms. Marguerite Carrubba was in response to her slipping out of her handcuffs and being resistant to re-cuffing. None of the alleged use of force can be viewed on the surveillance video. However, there are contemporaneous nursing notes after the alleged encounter which reflect that she was seen by the jail nurse who indicated Ms. Carrubba did have previous injuries. Since she was in jail for driving under the influence of alcohol, was in a vehicle crash after running a red light, and refused any medical attention at the scene of the crash, it is conceivable that her injuries were received as a result of the crash. At least they are consistent with a vehicle crash. Therefore, my opinion number one of the original affidavit remains unchanged.

2.    Voluminous amounts of supplemental material was received since the original affidavit of January 9, 2009 (See list 1-187 attached as Exhibit "A") which was reviewed to determine if the internal investigations of incidents involving the Harrison County Jail were consistent, thorough and conclusive about the facts of the inquiry. Also reviewed were the policies and procedures of the Harrison County Jail to determine if they were reasonable and comported with the accepted practices and standards of care. Additionally, the internal investigation listed in the attached materials 1-187 were reviewed for the purpose of analyzing if the Harrison County Sheriff's Office accepted conduct by its personnel that either fell below the accepted and established policies or if the conduct of its personnel established a pattern of practicing tactics and procedures that did

3

not comport with the accepted policy.  My conclusions are:

(a)  The Internal Affairs investigations of incidents reflect a reasoned and consistent review of conduct and application of official and accepted policy.  All facts were considered and reasonable application of investigative procedures were applied to ferret out the truth and underlying causation.  Conclusions reached for discipline or exoneration appeared consistent with best practices and did <u>not</u> turn a "blind eye" toward unacceptable conduct that could reasonably be determined to have been below policy or standard of care, which would have the effect of ratification of policy other than the stated official policy of the Harrison County Sheriff.

(b)  Therefore, it is my opinion that the policies of the Harrison County Sheriff's Office, and the application of the policies to the practices of the staff was reasonable and absent of the effect of the establishment of a custom and practice different from the official policy. The reported actions of the officers, in the events analyzed, <u>absent</u> criminal intent to deceive which could not be determined by facts and evidence to a reasonable certainty, led reasonably to the conclusions reasoned by the Sheriff's inquiries.

E.    If further discovery materials are provided, they will be thoroughly reviewed, and may have an impact on the above opinions.  If this should occur, these revised/new opinions will be immediately revealed to the retaining party.  I reserve the right to supplement and amend my opinions based upon additional information provided to me.

F.    As an attachment I incorporate Exhibit "C", a complete curriculum vitae which cites a complete 36 year history I have as a member, instructor and consultant in the Criminal Justice field and a list of cases in which I have testified as an expert at trial or by deposition within the preceding four years.  To date I have been paid $6,000.00.

Respectfully submitted this ___4th___ day of September, 2009.

W. Ken Katsaris

4

STATE OF FLORIDA
COUNTY OF LEON

Sworn and subscribed to this ____ day of September, 2009, by W. Ken Katsaris, who is personally known to me.



Sara S. Alligood, Notary Public

My Commission Expires:

5

List and description of data or information reviewed by Expert:

1.    Uniform Arrest/Booking Form - 6/17/06
2.    Booking Report
3.    Sheriff Custody - Personal - CJ 287022
4.    Inmate Personal Property & Sheriff Custody - Property List - 6/17/06
5.    Sheriff Custody - Event History - CJ 287022
6.    Sheriff Custody - Medical Observation - CJ 287022
7.    Health Assurance, LLC. - Nurse's Notes - 6/17/06
8.    Sheriff's Office/Jail Receipt - 6/17/06
9.    Inquiry
10.   Booking Arrest
11.   Booking History
12.   Post Assignment - 6/17/06
13.   Inmate Population Sheet - 6/17/06
14.   Narrative - Sgt. Leonard - 6/17/06
15.   Narrative - Sgt. Leonard - 6/18/06
16.   Inmate Population Sheet - 6/17/06
17.   Post Assignment 06/17/06 - 0700-1900
18.   Post Assignment 06/17/06 - 1900-0700
19.   Harrison County Adult Detention Center Policies and Procedures Directive, Use of Force
20.   Harrison County Adult Detention Center Policies and Procedures Directive, Use of Restraints
21.   Harrison County Adult Detention Center Policies and Procedures Directive, Health Care Services
22.   Harrison County Adult Detention Center Policies and Procedures Directive, Chain of Command
23.   Harrison County Adult Detention Center Policies and Procedures Directive, Booking and Receiving
24.   Harrison County Adult Detention Center Policies and Procedures Directive, Classification
25.   Harrison County Adult Detention Center Policies and Procedures Directive, Personal Property Inventory
26.   Harrison County Adult Detention Center Policies and Procedures Directive, Security Supervision of Holding Cells
27.   Harrison County Adult Detention Center Policies and Procedures Directive, Inmate Grievance
28.   Harrison County Adult Detention Center Policies and Procedures Directive, Training for Correctional Officers
29.   Harrison County Adult Detention Center Policies and Procedures Directive, Training Plans
30.   Harrison County Sheriff's Department's General Order #1, Code of Ethics
31.   Harrison County Sheriff's Department's General Order #2, Incident Data



EXHIBIT

"A"

Collection - Basic Report Writing Rules

32. Harrison County Sheriff's Department's General Order #6, Performance Appraisal

33. Harrison County Sheriff's Department's General Order #10, Weapons and Use of Force

34. Harrison County Sheriff's Department's General Order #16, Arrest Procedures

35. Harrison County Sheriff's Department's General Order #17, Field Training Program

36. Harrison County Sheriff's Department's General Order #57, Employee Grievances

37. Harrison County Sheriff's Department's General Order #62, Employee Discipline

38. Harrison County Sheriff's Department's General Order #65, Professional Standards Unit

39. Harrison County Sheriff's Department's  Policies and Procedures Directive, Telephone Usage

40. Training Records of Leslie Mathis

41. Training Records of Justin Richards

42. Training Records of Earl Leonard

43. Training Records of William Priest (will be supplemented)

44. Training Records of Beth Desper (will be supplemented)

45. Training Records of Karl Stolze

46. A copy of the insurance policy in effect at the time of the incident

47. Defendants reserve the right to produce additional officers' training records in the event it is discovered other additional officer were involved in the alleged incidents.

---

48. HCADC Policies and Procedures Directive, Inmate Grievance.

49. HCADC Policies and Procedures Directive, Monthly Statistical Reporting.

50. HCADC Policies and Procedures Directive, Facility Goals.

51. HCADC Policies and Procedures Directive, Security Promotions.

52. HCADC Policies and Procedures Directive, Personnel Selection and Retention.

54. ACA Accreditation report August 2005.

55. ACA Visiting Committee Reports.

56. ACA Contract.

57. ACA 2002 Accreditation Contract.

58. ACA 2002 Standards Compliance Audit.

59. ACA January 11, 2003, Commission on Accreditation for Corrections Panel Action Report.

60. ACA 2005 Accreditation Contract.

61. ACA 2005 Standards Compliance Audit.

62. ACA August 6, 2005, Commission on Accreditation for Corrections Panel Action Report.

63. ACA Performance Based Standards for Adult Local Detention Center.

64. Harrison County Grand Jury members of March, 2000, report dated September

6, 2000.

65. Harrison County Grand Jury members of September, 2000, report dated March 6, 2001.

66. Harrison County Grand Jury members of March ,2001, report dated September 7, 2001.

67. Harrison County Grand Jury members of September, 2001, report dated March 5, 2002.

68. Harrison County Grand Jury members of March, 2002, report dated September, 2002.

69. Harrison County Grand Jury members of September, 2002, report dated March, 2003.

70. Harrison County Grand Jury members of March, 2003, report dated September 2, 2003.

71. Harrison County Grand Jury members of September, 2003, report dated March 4, 2004.

72. Harrison County Grand Jury members of March, 2004, report dated September 13, 2004.

73. Harrison County Grand Jury members of September, 2004, report dated March 11, 2005.

74. Harrison County Grand Jury members of March, 2005, report dated November 15, 2005.

75. Harrison County Grand Jury members of November, 2005, report dated March 6, 2006.

76. Steve Martin's Reports dated, March 4, 1997, October 30, 1997, July 17, 1998, July 25, 2000, April 20, 2001,and February 20, 2002.

77. Letter to Steve Martin from Capt. Phil Taylor, May 24, 2006

78. United States Department of Justice, Housing of Federal Prisoners Agreement; effective date December 1, 1981.

79. United States Department of Justice, Housing of Federal Prisoners; Modification One of Agreement; effective date June 1, 1986.

80. United States Department of Justice, Housing of Federal Prisoners; Modification Two of Agreement; effective date January 1, 1987.

81. United States Department of Justice, Housing of Federal Prisoners; Modification Three of Agreement, effective date November 1, 1990.

82. IA Report; IA2002-81

83. IA Report; IA2003-05

84. IA Report; IA2003-06

85. IA Report; IA2003-08

86. IA Report; IA2003-11

87. IA Report; IA2003-14

88. IA Report; IA 2003-15

89. IA Report; IA2003-19

90. IA Report; IA2003-21

91. IA Report; IA2003-22

92. IA Report; IA2003-24

93. IA Report; IA2003-29

94. IA Report; IA October 23, 2003
95. IA Report; IA2003-340
96. IA Report; IA2003-44
97. IA Report; IA2004-01
98. IA Report; IA2004-02
99. IA Report; IA 2004-03
100. IA Report; IA2004-04
101. IA Report; IA2004-08
102. IA Report; IA2004-09
103. IA Report; IA2004-13
104. IA Report; IA2004-18
105. IA Report; IA2004-19
106. IA Report; IA2004-20
107. IA Report; IA2004-22
108. IA Report; IA2004-27
109. IA Report; IA2004-29
110. Letter of Disciplinary Action of Martin Lipscomb, January 31, 2005
111. Letter of Disciplinary Action of Michael Minor, January 31, 2005
112. Letter of Disciplinary Action of Jerred Necaise, January 31, 2005
113. Letter of Disciplinary Action of Justin Branning, January 31, 2005
114. Letter of Written Reprimand Jeffrey Brawner, January 31, 2005
115. IA Report; IA2004-30
116 IA Report; IA2005-03
117. IA Report, IA2005-05
118. IA Report, IA2005-06
119. IA Report, IA2005-07
120. Letter of Disciplinary Action of Daniel Evans, May 6, 2005
121. Investigative Interview of Smoky Joe Wilson, April 8, 2005
122. IA Report, IA2005-10
123. IA Report, IA2005-14
124. IA Report, IA2005-16
125. IA Report, IA2005-18
126. IA Report, IA2005-25
127. IA Report, IA2005-34
128. Notice of Hearing of Dedri Caldwell, August 16, 2005
129. Letter of Disciplinary Action for Dedri Caldwell, August 18, 2005
130. Administrative Leave Letter for Dedri Caldwell, December 12, 2005
131. Letter of Disciplinary Action for Dedri Caldwell, December 21, 2005
132. Written Reprimand to Justin Richards, January 11, 2006
133. Written Reprimand to Dereck Blankinchip, January 11, 2006
134. Notice of Hearing to Kenneth Roberson, January 3, 2006
135. Written Reprimand to Kenneth Roberson, January 11, 2006
136. Written Reprimand to Morgan Thompson, January 11, 2006
137. Notice of Hearing to James Nicholson, January 6, 2006
138. Termination Notice to James Nicholson, January 13, 2006
139. Written Reprimand to Ben Lamey, January 11, 2006

140.   IA Report, IA2006-02A
141.   IA Report, IA2006-04
142.   Notice of Hearing to Dereck Blankinchip, January 30, 2006
143.   Letter of Disciplinary Action to Dereck Blankinchip, February 8, 2006
144.   Notice of Hearing to Eddie Collins, January 23, 2006
145.   Letter of Disciplinary Action to Eddie Collins, January 26, 2006
146.   IA Report, IA2006-05
147.   Notice of Hearing to Daniel Evans, March 29, 2006
148.   Letter of Disciplinary Action to Daniel Evans, April 4, 2006
149.   Letter of Disciplinary Action to Karl Stolze, April 4, 2006
150.   Officer Resignation Report for Karl Stolze, October 2, 2006
151.   IA Report,IA2006-06
152.   IA Report, investigation of complaint by Gretchen Bravo, March 29, 2006
153.   IA Report, IA2006-16, April 27, 2006
154.   IA Report, IA2006-21, May 22, 2006
155.   Letter of Reprimand to Damon Reese, November 6, 2000
156.   Letter of Reprimand to James Harrier, December 19, 2000
157.   Letter of Reprimand to Richard Francabandera, August 12, 2003
158.   Notice of Hearing to John Geas, August 28, 2003
159.   Informational Report regarding John Geas, August 29, 2003
160.   Resignation Acknowledgment to Jay S. Cox, January 5, 2005
161.   Letter of Disciplinary Action to Lee Jackson, March 16, 2005
162.   Notice of Hearing to Jerred Necaise, May 5, 2005
163.   Resignation acknowledgment of resignation of Jerred Necaise, May 9, 2005
164.   Office Termination Report for Regina Rhodes, April 17, 2006
165.   Notice of Administrative Leave to Ruben Perez, May 24, 2006
166.   Letter of Resignation from Ruben Perez, May, 2006
167.   Letter of Disciplinary Action to William Priest, January 19, 2007
168.   Gulfport Police Dept.Narrative Report regarding Marguerite Carrubba by Officer
       Roe, June 17, 2006
169.   HCADC Inmate Jacket of Jill Patrice Dickey.
170.   HCADC Inmate Jacket of Gary Brice McBay.
171.   HCADC Inmate Jacket of Abra Horn
172.   Narrative Form, Inmate John Wood, November 21, 2005.
173.   Use of Force Report, John Wood, November 21, 2005.
174.   Supervisory Taser Use Report, November 21, 2005.
175.   Harrison County Sheriff's Department Count Sheet- 2003
176.   Harrison County Sheriff's Dept. Classification Block Accountability-2004
177.   Harrison County Sheriff's Dept. Classification Block Accountability-2005
178.   Harrison County Sheriff's Dept. Classification Block Accountability-Jan. 2006
179.   HCADC - Booked In/Released Inmates Chart; 2000 - 2006, and all supporting
       documents.
180.   HCADC - Grievances Filed Chart; 2000 - 2006, and all supporting documents.
181.   HCADC- Grievances Filed Chart regarding officer misconduct; 2000-2006 and all
       supporting documents.
182.   HCADC - Programs/Services Count; 2000 - 2006, and supporting documents.

183.  Monthly Statistical Reports, 2000 - 2006.
184.  Inter Office Memo from Capt. Taylor - Inmate Grievance Report dated August
       22, 2000.
185.  Inter Office Memo from Capt. Rick Gaston- Handling of Inmates dated April 12,
       2005.
186.  Jail Meeting April 20, 2005- Roster and Memorandum of Understanding.
187.  Gulfport Motor Vehicle Accident Report, June 17, 2006.

Exhibit "B"  (Marguerite Carrubba)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARGUERITE CARRUBBA,

     Plaintiff,

                                   Civil Action No. 1:07CV1238LG JMR

vs.

HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE,
in his official and individual capacity; DIRECTOR
OF OPERATIONS MAJOR WAYNE PAYNE,
in his official and individual capacity; DIRECTOR
OF CORRECTIONS MAJOR DIANE GASTON RILEY,
in her official and individual capacity; DIRECTOR OF
INTERNAL AFFAIRS CAPTAIN STEVE CAMPBELL,
in his official and individual capacity; SUPERVISOR
OF BOOKING CAPTAIN RICK GASTON, in his
official and individual capacity; CORRECTIONS
OFFICER SERGEANT RYAN TEEL, in his
official and individual capacity; CORRECTIONS
OFFICER KARLE STOLZE, in his official
and individual capacity; CORRECTIONS OFFICER
WILLIAM PRIEST, in his official and individual capacity;
AMERICAN CORRECTIONAL ASSOCIATION and its
EXECUTIVE DIRECTOR JAMES A. GONDLES, JR.
and employee(s) JOHN AND/OR JANE DOE 1-3;
HEALTH ASSURANCE LLC and its employee
J.L. WHITE,

     Defendants.

     Defendants.

_____

## AFFIDAVIT OF W. KEN KATSARIS

    Before me, the undersigned authority, personally appeared W. Ken Katsaris, who being duly sworn, states:

    A.    I am currently a certified Florida Law Enforcement Officer/Instructor and

1



**EXHIBIT**

"B"

consultant in both Law Enforcement and Corrections. I have instructed in a wide area of law enforcement and corrections subjects at the Regional Police/Corrections Academies. I also currently instruct in the nationally recognized AELE Police and Jail Liability Seminars for attorneys and agency/jail/prison commanders.

My experience includes service as both a jail and police officer for the St. Petersburg Florida Police Department, Police Officer with the Tallahassee Florida Police Department, Trooper with the Florida Highway Patrol, the elected Constitutional Sheriff of Leon County, Florida (Tallahassee), which included the management of the Leon County Jail. After leaving the office of Sheriff, I was appointed to the position of Assistant to the Secretary of Corrections for the State of Florida Department of Corrections (DOC), with liaison responsibilities to all 67 of Florida's jails.

My academic instructional background includes ten (10) years as the Department Chairman of the Criminal Justice Program at the Tallahassee Community College, Tallahassee, Florida, where I taught both corrections and law enforcement courses. I also served as Adjunct Professor in both Criminology and Social Work at the Florida State University (Tallahassee, Florida).

I am a certified use of force instructor and have taught throughout the nation consistently for over 15 years. I instruct on the use of force standards and procedures for handling jail and prison inmates. I have been retained as a consultant by jails of all sizes, including the largest jail in the country, the Los Angeles County Jail. As a litigation consultant I have been retained by both the plaintiff and defendant and have testified on use of force issues in both state and federal courts.

During the tenure of two Florida Governors, I was appointed to the position of Commissioner of the Florida Corrections Standards and Training Council where I participated in setting policy and standards for all corrections agencies and officers in Florida. Additionally, I have served as a consultant to the Florida Criminal Justice Standards and Training Commission in the development of a model basic training program for all jail and prison officers in Florida.

B.    To prepare for rendering opinions, I have reviewed and largely relied upon the following materials as the basis of my opinions:

1.    Complaint

2.    Answers to all Defendants

3.    Video Surveillance (Booking Room)

4.    Inmate Handbook

2

5.    Pre-Discovery Disclosure of Core information by Defendants which includes:

    (1)    Uniform Arrest/Booking Form 6/17/06

    (2)    Booking Report

    (3)    Sheriff Custody - Personal - CJ 287022

    (4)    Inmate Personal Property & Sheriff Custody - property List 6/17/06

    (5)    Sheriff Custody - Event History - CJ 287022

    (6)    Sheriff Custody - Medical Observation - CJ 287022

    (7)    Health assurance, LLC - Nurse's Notes 6/17/06

    (8)    Sheriff's Office/Jail Receipt - 6/17/06

    (9)    Inquiry

    (10)    Booking Arrest

    (11)    Booking History

    (12)    Post Assignment 6/17/06

    (13)    Inmate Population Sheet 6/17/06

    (14)    Narrative - Sgt. Leonard 6/17/06

    (15)    Narrative - Sgt. Leonard 6/18/06

    (16)    Inmate Population Sheet 6/17/06

    (17)    Post Assignment 6/17/06 - 0700 - 1900

    (18)    Post Assignment 6/17/06 - 1900-0700

    (19)    Harrison County Adult Detention Center Policies and Procedures Directive, Use of Force

(20) Harrison County Adult Detention Center Policies and Procedures directive, Use of Restraints

(21) Harrison County Adult Detention Center Policies and Procedures Directive, Health Care Services

(22) Harrison County Adult Detention Center Policies and Procedures Directive, Chain of Command

(23) Harrison County Adult Detention Center Policies and Procedures Directive, Booking and Receiving

(24) Harrison County adult Detention Center Policies and Procedures Directive, Classification

(25) Harrison County Adult Detention Center Policies and Procedures Directive, Personal Property Inventory

(26) Harrison County adult Detention Center Policies and Procedures Directive, Security Supervision of Holding Cells

(27) Harrison County Adult Detention Center Policies and Procedures Directive, Inmate Grievance

(28) Harrison County Adult Detention Center Policies and Procedures Directive, Training for Correctional Officers

(29) Harrison County Adult Detention Center Policies and Procedures Directive, Training Plans

(30) Harrison County Sheriff's Department's General Order #1, Code of Ethics

(31) Harrison County Sheriff's Department's General Order #2, Incident Data Collection - Basic Report Writing Rules

(32) Harrison County Sheriff's Department's General Order #6, Performance Appraisal

(33) Harrison County Sheriff's Department's General Order #10, Weapons and Use of Force

(34) Harrison County Sheriff's Department's General Order #16, Arrest Procedures

4

(35)    Harrison County Sheriff's Department's General Order #17, Field Training Program

(36)    Harrison County Sheriff's Department's General Order #57, Employee Grievances

(37)    Harrison County Sheriff's Department's General Order #62, Employee Discipline

(38)    Harrison County Sheriff's Department's General Order #65, Professional Standards Unit

(39)    Harrison County Sheriff's Department's Policies and Procedure Directive, Telephone Usage

(40)    Training Records of Leslie Mathis

(41)    Training Records of Justin Richards

(42)    Training Records of Earl Leonard

(43)    Training Records of William Priest

(44)    Training Records of Beth Desper

(45)    Training Records of Karl Stolze

(46)    A copy of the insurance policy in effect at the time of the incident

(47)    Defendants reserve the right to produce additional officers' training records in the event it is discovered other additional officers were involved int he alleged incidents

C.    The below listed opinions were formulated based on my experience, training and education in the corrections field, the standard of care recognized by Corrections Organizations and Officials throughout the U.S. as the custom and practice for the administration, management and supervision of corrections agencies and personnel. The opinions are based on my knowledge of the training of Corrections Officers throughout the U.S. in addition to my knowledge of the written standards and materials generally available for training and guiding Corrections Officers in their every day assignments.

D.    Pursuant to engagement by attorneys for the Defense in the above named case, I conducted an exhaustive review of all of the above materials. As a result of the

5

review of these materials, which I relied upon as the basis for my opinions, I render the below opinions:

1. Nothing in the above reviewed materials, other than the Complaint, would indicate any force used by the Harrison County Corrections Officers resulted in injuries to Ms. Marguerite A. Carrubba. I cannot at this time, with the above materials, find that officers used excessive, unreasonable or punitive force against Ms. Carrubba. The discovery materials are limited at this time and the booking/cell videos do not reveal any activity that could be characterized as excessive force.

2. The policies and training of the Harrison County Sheriff's Office Jail were reasonable and comport with the nationally recognized standards of care.

3. I am unable to render an opinion on the issues of the county having a "history" or having recognized a "custom and practice" of excessive force. Such claims can _only_ be supported by an intense review of the _actual_ incidents and the files, forms, investigations, and videos that were made _contemporaneously_ with each of the uses of force over a specified period of time. No other information, testimony or evaluations would be appropriate to render such an opinion. To date I have not been provided the comprehensive compilation of contemporaneous reports forms, videos, or investigations for each incident of force for any period of time to allow for a legitimate opinion about the issue of any established or condoned practices that violate established policies for inmate control, movement or processing.

E. If further discovery materials are provided, they will be thoroughly reviewed, and may have an impact on the above opinions. If this should occur, these revised/new opinions will be immediately revealed to the retaining party. I reserve the right to supplement and amend my opinions based upon additional information provided to me.

F. As an attachment I incorporate Exhibit "A", a complete curriculum vitae which cites a complete 36 year history I have as a member, instructor and consultant in the Criminal Justice field and a list of cases in which I have testified as an expert at trial or by deposition within the preceding four years. To date I have been paid $6,000.00.

6

Respectfully submitted this ___9th___ day of January, 2009

W. Ken Katsaris

STATE OF FLORIDA
COUNTY OF LEON

Sworn and subscribed to this ___9th___ day of January, 2009, by W. Ken Katsaris, who is personally known to me.

Sara S. Alligood, Notary Public

My Commission Expires:

SARA S. ALLIGOOD
MY COMMISSION # DD 417586
EXPIRES: June 15, 2009
Bonded Thru Pichard Insurance Agency

7