# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| MARGUERITE CARRUBBA | § | PLAINTIFF |
| --- | --- | --- |
| VERSUS | § | CAUSE NO. 1:07cv1238-LG-RHW |
| HARRISON COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; et al. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART HARRISON COUNTY'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Harrison County's Motion for Summary Judgment [222]. Plaintiff Marguerite Carrubba brought this action for the alleged abuse she received while in the custody of the Harrison County Adult Detention Center ("HCADC"). The County argues (1) it has no control over the Sheriff, (2) there is no evidence of force, (3) she was not denied medical care, and (4) she is not entitled to punitive damages on her Section 1983 claims. The Court has considered the parties' submissions and the relevant legal authority. The County is entitled to summary judgment on the claim for punitive damages under Section 1983. The remainder of the motion is denied.

## FACTS AND PROCEDURAL HISTORY

On the early morning of Saturday, June 17, 2006, Carrubba was involved in a motor vehicle accident in Gulfport, Mississippi. She was subsequently arrested and charged with DUI refusal. She was placed in the custody of the HCADC.

After Carrubba changed into the inmate uniform, she was placed into Holding Cell 8 with other female detainees. After her repeated requests for a phone call, Defendants William Priest

and Karl Stolze handcuffed Carrubba behind her back and transferred her to Holding Cell 7, by herself. While alone in there, she managed to slip one hand out of the handcuffs. Priest and another officer reentered her cell, where she alleges they re-handcuffed her behind her back, and "pulled [her] arms straight up behind [her], kicking [her] feet out from under [her] and slammed [her] chin first into the concrete floor." (Pl.'s Dep. at 45). She was then left in the cell, sitting on the bench. Stolze later reentered the cell and shackled her to the floor. About twenty minutes later, he returned with a jail nurse. Carrubba complained to the nurse of her injuries. She testified that the nurse only responded, "I guess you'll behave," and then she and Stolze left. *Id.* at 52.

Carrubba subsequently filed this lawsuit. She brings claims against the County under Sections 1983 and 1985 for excessive force; failure to provide medical care; denial of a phone call, food, water, and a bed; covering up the alleged abuse; and conspiracies to use excessive force and to cover up the alleged abuse.

**DISCUSSION**

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury

could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

SECTION 1983

The County first argues it is not responsible for the Sheriff's acts and the County cannot be held liable unless the Board of Supervisors themselves violated Carrubba's rights and set the unconstitutional official policy. The County relies on Mississippi Code Annotated Section 19-25-69.

A claim against the sheriff in his official capacity is treated as a claim against the county, and sheriffs in Mississippi are the final policymakers with respect to all law enforcement decisions made within their counties. *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996). Where a plaintiff sues a government official in his official capacity and brings the same claims against that government entity, the former claims are merely duplicative of the latter. *Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Additionally, the Fifth Circuit has noted in *dicta* that a district court erred when it dismissed Harrison County but refused to dismiss the official capacity claim against Sheriff Payne. *Harris v. Payne*, 254 Fed. Appx. 410, 422 (5th Cir. Nov. 19, 2007). Harrison County is liable for Payne's acts as Sheriff, because he is the final policymaker for Harrison County, regardless of the existence of a policy or custom. *Id.*

    I.     EXCESSIVE FORCE

Alternatively, Harrison County argues that Carrubba was not assaulted as she claims.

The County argues she was only handcuffed and nothing else. She responds that there is a genuine issue of material fact as to whether she experienced excessive force.

The Due Process Clause, applicable to the States via the Fourteenth Amendment, protects a pretrial detainee from excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.11 (1989). The standard for analyzing an excessive force claim under the Fourteenth Amendment is the same as the Eighth Amendment standard. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). This right is violated if there is (1) more than a de minimis injury, (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). To determine whether the force was excessive, the inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). "Often, of course, there will be no evidence of the detention facility official's subjective intent, and the trier of fact must base its determination on objective factors suggestive of intent." *Id.* Some of these factors would be (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of the forceful response. *Id.* at 1447 n.29.

There is evidence that Carrubba was leg swept and slammed face first onto the floor. First, she testifies to this fact. Secondly, Priest admitted that she was taken down to the floor, although he described it as "in a controlled manner." (Stolze Dep. Ex. 4 at 3). Nevertheless, the County argues that the booking room video disputes this account. The Court has reviewed the

video and finds it does not. The booking room video shows the hallway and into a window and door in Carrubba's holding cell. Part of the encounter is visible through the door and window. What part is visible indicates that she was taken to the ground. Other parts of the encounter are hidden by the portion of the wall between the window and the door and by the officers' bodies which are between her and the camera. Carrubba testified that the assault she complains of took place but is hidden from view of the camera. Contrary to the County's representation, the video does not give an unobstructed view which unconditionally disputes her account. Because there is a genuine issue of fact as to whether she was assaulted or was merely handcuffed, summary judgment on this claim is denied.

  II.  DENIAL OF MEDICAL CARE

The County alternatively argues that Carrubba was treated by a jail nurse. Carrubba does not respond to this argument.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care." *Id.* at 104-05. The "plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Deliberate indifference . . . occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The "official's knowledge of a

substantial risk of harm may be inferred if the risk was obvious." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). In addition, Section 1983 requires a showing of proximate causation, which is evaluated under the common law standard. *Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005).

There is a dispute of fact as to whether the nurse examined Carrubba or merely ignored her complaints and intentionally refused to treat her. The video shows the nurse speak with Carrubba for about thirty seconds. Stolze is present during this time. Carrubba testified that all that happened was she told the nurse her injuries and that she had also been in a car accident that morning. According to her, the nurse essentially told Carrubba that was what she got for not behaving. Carrubba asked for a doctor. The nurse and Stolze then left and Carrubba was not seen again by medical personnel. Viewed in the light most favorable to her, this is evidence from which a jury could conclude that the nurse and Stolze refused to treat Carrubba and ignored her complaints solely as punishment for her alleged prior behavior. The County is not entitled to summary judgment on this claim.

PUNITIVE DAMAGES

The County finally argues that Carrubba is not entitled to seek punitive damages against the County on her Section 1983 claims. She does not respond to this argument.

Punitive damages are not recoverable on Section 1983 claims against a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The County is entitled to summary dismissal of the punitive damages claim under Section 1983.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Harrison County's Motion for Summary Judgment [222] should be and is hereby

**GRANTED** as to the claim for punitive damages under Section 1983.  The remainder is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 7th day of May, 2010.

                                                        s/ *Louis Guirola, Jr.*
                                                      LOUIS GUIROLA, JR.
                                                      UNITED STATES DISTRICT JUDGE