UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARGUERITE CARRUBBA | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:07cv1238-LG-RHW |
| | § | |
| HARRISON COUNTY, MISSISSIPPI, | § | |
| et al. | § | DEFENDANTS |

### ORDER PARTIALLY SUSTAINING OBJECTION TO COSTS

BEFORE THE COURT is Plaintiff Marguerite Carrubba's Objection and Motion Against Awarding of Costs to Defendant [318]. The Court has considered the parties' submissions and the relevant legal authority. The objection is sustained in part and overruled in part. The Bill of Costs is reduced to $2,202.41.

### FACTS AND PROCEDURAL HISTORY

The issues at the trial of this matter were whether Defendants Karle Stolze and William Priest used excessive force upon Carrubba and, if so, whether there was *Monell* liability against Defendant Harrison County. The jury found there was no excessive force. A final judgment was rendered, and the Court awarded Defendants costs. Defendants filed a joint Bill of Costs on September 20, 2010, totaling $3,168.28. The Clerk of Court taxed this amount to Carrubba. This included $757.12 for a hotel room for Priest during the trial, $208.75 for a map, and $445 for a DVD. She filed the present objections on September 29.

### DISCUSSION

Carrubba argues Defendants are not entitled to recover any costs under Rule 54(d). In the alternative, she asserts that Defendants are not entitled to recover for

Priest's hotel stay, or for a map and DVD not entered into evidence.

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. An award of costs is within the discretion of the trial court. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). While a "court may decline to award costs listed in [28 U.S.C. 1920, it] may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

PRIEST'S HOTEL CHARGES

Priest seeks reimbursement for the hotel room he rented to attend trial. "[T]ravel expenses of a *party* to the lawsuit are not included in the § 1920 list." *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir.1977). Section 1920 only allows "fees" for "witnesses." While Section 1821 allows a "subsistence allowance . . . to a witness when an overnight stay is required," it does not provide the same for parties. 28 U.S.C. § 1821 (d)(1). Therefore, per diem and travel allowances are not available to parties to

a suit under the federal witness fee statute, 28 U.S.C. § 1821. *Barth v. Bayou Candy Co.*, 379 F. Supp. 1201, 1205 (E.D.La. 1974). *Accord*, *Jamison v. Cooper*, 111 F.R.D. 350, 353 (N.D.Ga. 1986); *Morrison v. Alleluia Cushion Co.*, 73 F.R.D. 70, 71 (N.D. Miss. 1976). Defendants argue that even though Priest is a party, he would not have shown up to trial at all had he not been subpoenaed by Carrubba. There is no evidence of this fact. In any event, the Court is without power to grant a cost that is not listed in Section 1920, and this charge is not listed in either Section 1920 or 1821. Therefore, the cost of his hotel stay during trial, $757.12, is disallowed.

MAP

Carrubba asserts that the charge for creating a map of all of the places that she had visited the night before she was arrested was not introduced into evidence and not necessary for the case. Defendants concede that this charge should be redacted. Therefore, this cost, $208.75, is disallowed.

DVD

Defendants next seek $445 for converting the VHS jail video of the incident at issue into a digital format and then having that digital video slowed down. Since the original video played at a high speed that was difficult to discern, they also had the digital copy of the video slowed down to make the video easier to view. Carrubba challenges this cost, arguing that the digital video was not entered into evidence and was not used at trial.

Costs for copies "of any materials" are recoverable under Section 1920(4) provided the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(4);

*Fogleman*, 920 F.2d at 285.

At issue in this case was whether Priest and Stolze used excessive force upon Carrubba at the Harrison County Adult Detention Center. It had security cameras, which recorded the incident in question onto a VHS tape. It played at such a high speed, that it was impossible to glean any information from viewing it. Therefore, it was necessary for the video to be converted to a viewable, real-time format. That is what the Defendants did. Digital copies of the video were offered to the Court in support of Defendants' motions for summary judgment and her responses in opposition. The Defendants' digital video was played by both sides during trial. Given that this was a key piece of evidence, which was not reasonably viewable otherwise, the Court finds the cost of copying the video into a digital format and slowing down the jail video was necessarily obtained for use in the case. This cost is allowed.

The total adjusted Bill of Costs is $2,202.41.

Rule 54(d) Discretion

The Court is granted discretion under Federal Rule of Civil Procedure 54(d) to decide whether costs should be awarded to a prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Rule 54 points out the prevailing party "should" be awarded costs, "other than attorney's fees." Fed. R. Civ. P. 54(d). The prevailing party is "prima facie entitled to costs." *Pacheco*, 448 F.3d at 793-94. "[I]t is incumbent on the losing party to overcome that presumption." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). Reasons that the Court may deny costs include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and

4

difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources;" and (6) the losing party's good faith. *Pacheco*, 448 F.3d at 794. Good faith alone is not sufficient, however. *Id.* at 795.

Carrubba asserts that she prosecuted her case in good faith and she is unable to pay. The Court finds that she did prosecute her case in good faith.

In support of her inability to pay, she provides an affidavit wherein she declares that she is on disability, these disability benefits are her only source of income, and "after the payment of my monthly personal living expenses, I have no disposable income." (Pl.'s Aff. at 1 (¶2)). The Court is not provided with the amount or nature of her monthly benefits or expenses. The Court does not find that she overcomes the strong presumption in favor of awarding Defendants' Bill of Costs, which have been reduced by the Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Plaintiff Marguerite Carrubba's Objection and Motion Against Awarding of Costs to Defendant [318] should be and is hereby **SUSTAINED IN PART AND OVERRULED IN PART.** The Bill of Costs is hereby amended to $2,202.41. Defendants Harrison County, Karle Stolze, and William Priest shall recover their respective amounts, as authorized by this opinion, from Carrubba.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

5